**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD POOLER,<br><br>                      Plaintiff,<br>     v.<br><br>MRS. KURBITIS REALTY, LLC, SCOTT HILL TATTOO STUDIO, AIM TANK SERVICES, INC., And JANE DOE 1-100 (a fictitious name), JOHN ROE 1-100 (a fictitious name), AND ABC & XYZ CORPORATIONS,<br><br>                      Defendants.<br><br>MRS. KURBITIS REALTY, LLC,<br><br>        Defendant/ Third Party Plaintiff,<br>     v.<br><br>DCM OF NEW JERSEY, LLC and HOUSTON CASUALTY CO.,<br><br>               Third Party Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 14-429 (WHW) (CLW) |

**Walls, Senior District Judge**

      This diversity action arises out of injuries suffered by Plaintiff Howard Pooler as a result of a fall that he suffered while on property allegedly maintained by Defendants. *See* Amended Compl., ECF No. 27, ¶ 9. Defendant Aim Tank Services Company, pleaded as Aim Tank Services, Inc. ("Aim"), moves under Federal Rule of Civil Procedure 55(c) to set aside an entry of default against it. Plaintiff does not oppose the motion. Because Aim asserts that it can raise a meritorious defense and the Court finds neither prejudice to the Plaintiff nor culpable conduct on behalf of Aim, good cause exists to set aside the entry of default. Aim's motion is granted.

1

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint in this Court against Defendants Mrs. Kubitis Realty, LLC and Scott Hill Tattoo Studio, on January 22, 2014. *See* Complaint, ECF No. 1. Plaintiff also named as Defendants "Jane Doe 1-100 (a fictitious name)," "John Roe 1-100 (a fictitious name)," and "ABC & XYZ Corporations." Plaintiff alleged that Defendants were persons or entities responsible for the property where he was injured. *Id.* at ¶ 8. On March 4, 2015, plaintiff moved to amend his complaint to add Aim as an additional defendant, ECF No. 24 ¶ 4, explaining that he had "received correspondence from defense counsel identifying [Aim as] an additional contractor involved" with the property. *See* ECF No. 24-4 at 1. The motion was granted by Magistrate Judge Waldor on March 31, 2015, and an amended complaint was filed on the same day naming Aim as an additional defendant. *See* ECF Nos. 26-27.

Aim failed to plead or otherwise defend against the Amended Complaint, and Plaintiff moved for an entry of default, which was entered on August 19, 2015. ECF Nos. 34-35. Aim now brings the present motion to set aside the clerk's entry of default, supported by a certification by its president stating that she reviewed the complaint but failed to respond in a timely manner because of a death and an illness in her family. Mot. to Set Aside Default, ECF No. 38; Cert. of Bernadette Solari, ECF No. 38-2 ¶¶ 1, 6, 9. Plaintiff does not oppose the motion. *Id.*

## JURISDICTION

Under 28 U.S.C. § 1332, district courts have subject-matter jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3); *see Frett-Smith v. Vanterpool*, 511 F.3d 396, 398 n.3 (3d Cir. 2008), but a district court has the authority to allow a

dispensable nondiverse party to be dropped at any time, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Plaintiff, a citizen of Pennsylvania, has alleged that each of the named Defendants are New Jersey corporations and that diversity jurisdiction exists because Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Amended Compl. ¶¶ 1-2. The unidentified defendants are not mentioned outside of the caption of the complaint.

"John Doe parties destroy diversity jurisdiction if their citizenship cannot be truthfully alleged." *Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483, 494 (3d Cir. 2006) (citing *Kiser v. General Elec. Corp*, 831 F.2d 423, 426 n.6 (3d Cir. 1987); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (Posner, J.) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits."). But courts have made exceptions for "nominal parties, irrelevant to diversity jurisdiction," *Howell* 106 F.3d at 218, that are named "in the event that during discovery [plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit," *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (presence of nominal fictitious parties did not destroy diversity jurisdiction). The fictitious parties here appear to have been named only as nominal defendants because they are not mentioned outside of the caption of Plaintiff's complaint and this case is still in discovery. Because the fictitious parties are merely nominal, Plaintiff has adequately pled subject-matter jurisdiction at this stage and the Court will consider the motion before it.

### STANDARD OF REVIEW

**NOT FOR PUBLICATION**

Federal Rule of Civil Procedure 55 governs both the clerk's entry of default and a court's later issuance of a default judgment. Because a default judgment prevents a plaintiff's claims from being decided on the merits, the Court "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). Cases should be "disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Under Fed. R. Civ. P. 55(c), a district court "may set aside an entry of default for good cause." In exercising this discretion, a court must consider (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256–57 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Any doubts as to whether default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

## DISCUSSION

Good cause exists here for the Court to exercise its discretion to set aside the clerk's entry of default against Aim because each of the three factors listed in *$55,518.05 in U.S. Currency* weighs in favor of doing so. Plaintiff has not opposed the motion and has stipulated that the entry of default may be set aside. *See* Stip. to Set Aside Clerk's Entry of Default, ECF No. 38-1 at 2. Accordingly, the Court finds that Plaintiff will not be prejudiced, satisfying the first factor.

**NOT FOR PUBLICATION**

Second, Aim asserts that it can raise a meritorious defense to Plaintiff's action. The Court must consider whether "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). While the defaulting party need not prove that it will win at trial, it must raise a defense that is meritorious on its face. *Id. See Wingate Inns Int'l, Inc. v. P.G.S., LLC*, 2011 WL 256327, at *3 (D.N.J. Jan. 26, 2011). Aim alleges specific facts by asserting that it was "on the subject property on December 6, 2012 (weeks before Plaintiff's alleged date of loss) only to remove and replace soil and denies that it has any responsibility for the condition of the property which Plaintiff alleges caused him to fall." Brief in Supp. of Mot. to Set Aside Clerk's Default, ECF No. 38-4 at 2. The Court is satisfied that this defense is more than a "simple denial[ ]or conclusionary statement[.]" *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Finally, the Court must consider whether the default was the result of any culpable conduct on the part of Defendant. Culpable conduct is "conduct that is taken willfully or in bad faith." *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted). An example of culpable conduct is a "deliberate or willful trial strategy" to default, *see Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987), whereas a mere failure to respond despite having notice of a claim is not. *Wingate Inns Int'l*, 2011 WL 256327, at *4. Aim's president has certified that she reviewed the amended complaint but failed to respond in a timely manner because of a death and an illness in her family. Cert. Bernadette Solari, ECF No. 38-2 ¶¶ 1, 6, 9. Given the circumstances, Aim's lack of timeliness is not culpable conduct. All three factors outlined in *$55,518.05 in U.S. Currency* weigh in favor of setting aside default. 728 F.2d at 195.

**NOT FOR PUBLICATION**

## CONCLUSION

The Court finds good cause to exercise its discretion under Fed. R. Civ. P. 55(c) to set aside the entry of default against Aim.

Accordingly, it is, on this 7th day of October, 2015,

ORDERED that defendant Aim Tank Services, Inc.'s motion to set aside entry of default, ECF No. 38, is GRANTED; and

ORDERED that defendant Aim Tank Services, Inc. shall file its Answer to the Amended Complaint within twenty-one (21) days of receipt of this Order.

                                              Hon. William H. Walls
                                              United States Senior District Judge